**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

HUGUETTE NICOLE YOUNG,     )
                              )
     Plaintiff,           )
                              )
vs.                       )     CA 20-0495-JB-MU
                              )
STEVE MARSHALL,        )
                              )
     Defendant.      )

## REPORT AND RECOMMENDATION

This matter is before the Court on the Motion to Proceed Without Prepayment of Fees filed by Plaintiff Huguette Nicole Young. (Doc. 2). This motion was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(R) for appropriate action. Because Plaintiff has not provided the information required by this Court in support of her *in forma pauperis* motion and because her complaint, and the amendment thereto, fail to state a claim upon which relief can be granted, it is recommended that Plaintiff's motion be denied and Plaintiff's complaint be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), prior to service of process.

## Plaintiff's Claim

On October 7, 2020, Plaintiff, proceeding *pro se*, filed this action against Steve Marshall, in his official capacity as Attorney General of Alabama, seeking (1) a declaration that Governor Kay Ivey's 14th Supplemental Proclamation ("the Proclamation"), that, in part, requires persons in Alabama to wear a masks in certain described locations under certain described circumstances to combat the spread of

Covid-19, is unconstitutional and void and (2) a preliminary and permanent injunction

barring Defendant from enforcing the Proclamation against Plaintiff. (Docs. 1 and 3).

Plaintiff alleges that the Proclamation violates her First Amendment right of free speech

by blocking her ability to communicate audibly, clearly, and expressively and her right to

smile at others. (Doc. 3 at p. 2). She further asserts that the Government cannot show a

compelling public interest for the Proclamation that outweighs the violation of her rights.

(*Id.*). According to Plaintiff's amended complaint, she is a resident of the state of Oregon

who last worked as a long-haul commercial truck driver carrying loads into and out of all

lower 48 states. (*Id*. at pp. 11-12). She is currently unemployed but is pursuing a career

shift into the legal profession. (*Id*. at p. 11). She alleges that she is a "recent law school

graduate specializing in constitutional law," as well as a "well-established Ph.D.

biochemist whose scientific publications are featured in most biochemistry textbooks."

(*Id*. at p. 12). Plaintiff claims that her rights will be violated while shopping at Walmart

stores in Southern Alabama as plaintiff is currently seeking new work opportunities in

Alabama and "is expected to be in Alabama within the coming week to this end."[1]

## **Legal Conclusions**

Authority for granting Plaintiff permission to proceed without prepayment of fees

and costs is found at 28 U.S.C. § 1915:

> (a)(1) Subject to subsection (b), any court of the United States may
> authorize the commencement, prosecution or defense of any suit, action
> or proceeding, civil or criminal, or appeal therein, without prepayment of
> fees or security therefor, by a person who submits an affidavit that
> includes a statement of all assets such [person] possesses [and] that the
> person is unable to pay such fees or give security therefor. Such affidavit

---

[1] The Court notes that Plaintiff filed her amended complaint on October 21, 2020 and has
not amended it since that date to indicate that she has traveled to this District.

shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1); *see Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (affirming the application of § 1915's provisions to a non-prisoner's complaint). "The *in forma pauperis* statute, 28 U.S.C. § 1915, ensures that indigent persons will have equal access to the judicial system." *Attwood v. Singletary*, 105 F.3d 610, 612-613 (11th Cir. 1997) (citing *Coppedge v. United States*, 369 U.S. 438, 446 (1962)). The opportunity to proceed as an indigent in civil cases, created by statute, is not considered a right but a privilege, *Rivera v. Allin*, 144 F.3d 719, 724 (11th Cir.), *cert. dismissed*, 524 U.S. 978 (1998), and "should not be a broad highway into the federal courts[,]" *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). Thus, "a trial court has broad discretion in denying an application to proceed *in forma pauperis* under 28 U.S.C.A. § 1915, [but] must not act arbitrarily and it may not deny the application on erroneous grounds." *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (citing *Flowers v. Turbine Support Division*, 507 F.2d 1242, 1244 (5th Cir. 1975)); *see also Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 & 1306-07 (11th Cir. 2004) ("[A] trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915. . . . However, in denying such applications a court must not act arbitrarily. Nor may it deny the application on erroneous grounds.").

"In order to authorize a litigant to proceed *in forma pauperis*, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious." *Boubonis v. Chater*, 957 F. Supp. 1071, 1072 (E.D. Wis. 1997) (citing 28 U.S.C. § 1915(a) & (e)(2)(B)(i)). Although Plaintiff's motion to proceed without paying a filing fee is

incomplete and inconsistent, the Court need not reach a determination on the issue of whether she is unable to pay the costs of commencing this action because a review of her complaint reveals that she cannot meet the second element of the *in forma pauperis* equation. Section 1915(e)(2) of the United States Code provides that, in a civil action in which the plaintiff is proceeding *in forma pauperis,* "the court shall dismiss the case at any time if the court determines that … the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

Plaintiff's complaint fails to state a cognizable claim, even under the liberal construction applied to *pro se* pleadings, because she lacks standing to raise her broadly stated claim and because the alleged claim is not ripe; therefore, this Court lacks subject matter jurisdiction to hear this case. *See Dermer v. Miami-Dade County,* 599 F.3d 1217, 1220 (11th Cir. 2010). Article III of the United States Constitution limits judicial power to "actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). "One element of this case-or-controversy requirement" is that a plaintiff must have standing to sue. *Raines v. Byrd*, 521 U.S. 811, 818 (1997). To establish standing, a plaintiff must satisfy three elements:

> First, the plaintiff must have suffered an injury-in-fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). The plaintiff bears the burden of establishing these elements. *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990).

Injury-in-fact is "the '[f]irst and foremost' of standing's three elements." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quoting *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 103 (1998)). "Although the 'injury requirement is most loosely applied' when an ordinance is challenged as unconstitutional on its face under the First Amendment, [the Eleventh Circuit has] repeatedly stressed that when seeking prospective relief, an injury must be imminent." *Dermer*, 599 F. 3d at 1220 (quoting *Hallandale Prof'l Fire Fighters Local 2238 v. City of Hallandale*, 922 F.2d 756, 760 (11th Cir. 1991)). The imminent injury requirement, which is of relevance in this action, "is to ensure that the alleged injury is not too speculative for Article III purposes." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (internal quotation marks and citation omitted). An allegation of threatened injury in the future is only sufficient to establish standing "if the threatened injury is 'certainly impending,' or there is a 'substantial risk' that the harm will occur." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014). The United States Supreme Court has "repeatedly reiterated that 'threatened injury must be *certainly impending* to constitute injury in fact,' and that '[a]llegations of *possible* future injury' are not sufficient." *Clapper*, 568 U.S. at 409 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)). A "theory of standing, which relies on a highly attenuated chain of possibilities, does not satisfy the requirement that threatened injury must be certainly impending." *Id*. at 410.

Ripeness, like standing, is also necessary for a federal district court to exercise subject matter jurisdiction over a claim. "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. U.S.,* 523 U.S. 296, 300 (1998) (quoting *Thomas v. Union*

*Carbide Agricultural Products Co.*, 473 U.S. 568, 580-81 (1985)). "Ripeness analysis involves the evaluation of two factors: the hardship that a plaintiff might suffer without court redress and the fitness of the case for judicial decision." *Elend v. Basham*, 471 F.3d 1199, 1211 (11ᵗʰ Cir. 2006) (citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 149 (1967)).

Application of the law to the facts alleged by Plaintiff show that this Court lacks subject matter jurisdiction over Plaintiff's claim. Her general assertions identify no particularized injury she has suffered as a result of the Proclamation she is challenging. Plaintiff lives in Oregon. Although she has alleged that she is a current law school graduate, she provides no particulars to show that she has been admitted to the bar of any state, particularly Alabama's state bar. Therefore, although she claims that she may be traveling to Alabama to seek legal employment sometime in the future, this possibility is insufficient and too speculative to establish either standing or ripeness. The Court notes that Plaintiff has filed substantially similar or identical claims in federal district courts in at least ten other states. *See*, *e.g.*, *Young v. Frosh*, No. ELH-20-2935 (D. Md. Oct. 14, 2020); *Young v. Rutledge*, No. 20-1185-BRW (E.D. Ark. Oct. 6, 2020); *Young v. Becerra*, No. 20-05628-JD (N.D. Cal. Aug. 13, 2020); *Young v. Connors*, No. 20-425 (D. Haw. Oct. 5, 2020); *Young v. Cameron*, No. 20-680 (W.D. Ky. Oct. 4, 2020); *Young v. Landry*, No. 20-2730 (E.D. La. Oct. 5, 2020); *Young v. Healey*, No. 20-11832 (D. Ma. Oct. 8, 2020); *Young v. Balderas*, No. 20-789 (D.N.M. Aug. 5, 2020); *Young v. Ferguson,* No. 20-cv-00277-RMP (E.D. Wash. Aug. 10, 2020); *Young v. Kaul*, No. 20-935 (W.D. Wis. Oct. 8, 2020). Her statements in those complaints that she will be traveling to each of them in the coming weeks to seek employment also belie her

allegations that a trip to south Alabama is imminent. Simply stated, Plaintiff's complaint fails to show concrete and imminent danger of injury so as to confer standing or to render her claims ripe for review in this Court.

## CONCLUSION

Because Plaintiff lacks standing and her claim is not ripe in this Court, it is **RECOMMENDED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2) be **DENIED** and Plaintiff's complaint (Doc. 1) and First Amended Complaint (Doc. 3) be **DISMISSED**, without prejudice, prior to service.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on Plaintiff in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2), S.D. Ala. Gen. LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's

report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

      **DONE** this **4th** day of **December, 2020**.

                    /s/ P. BRADLEY MURRAY
                    **UNITED STATES MAGISTRATE JUDGE**